**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4514

MARK PAUL SARNO,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-88-37-G, CR-88-38-G, CR-88-65-G, CR-98-58)

Submitted: January 18, 2000

Decided: February 11, 2000

Before WIDENER, MURNAGHAN, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Paul Sarno was sentenced to forty-eight months imprisonment following the revocation of his term of supervised release. He alleges on appeal that his sentence was unreasonable. Finding no reversible error, we affirm.

Sarno was convicted in 1988 of various offenses involving fraud, and he was sentenced to forty-six months in prison to be followed by three years of supervised release. Sarno escaped from prison while serving the active portion of his sentence. He was ultimately captured and convicted in 1992 of conspiracy and escape. In February 1993, Sarno was sentenced to forty-two months in prison and three years of supervised release.

In June 1997, Sarno began serving both terms of his supervised release.[1] In January 1999, the probation office filed two petitions for revocation of Sarno's supervised release,[2] alleging that Sarno had violated the conditions of supervised release by engaging in new fraudulent schemes. Sarno admitted to the violations at the revocation hearing,[3] and the district court sentenced him to two consecutive twenty-four month sentences.

We review Sarno's sentence only to determine whether it is plainly unreasonable, and we find no error. See 18 U.S.C. § 3742(a)(4)

_____

[1] The district court ordered that the terms be served concurrently.
[2] The probation officer filed one petition for each of the terms of supervised release.
[3] Sarno informed the court that he had pled guilty in a separate criminal prosecution charging him with the same conduct which formed the basis for the revocation petitions. However, Sarno had not yet been sentenced in that case.

2

(1994). Sarno contends that his sentence is unreasonable because the district court sentenced him based on his underlying misconduct. We disagree. The district court expressly stated that it was not punishing Sarno for the new misconduct; rather, it was sentencing him because he failed to abide by the terms of supervised release. Moreover, contrary to Sarno's assertions, we find nothing inappropriate in the court's consideration of the facts and circumstances surrounding his most recent offenses or his history of recidivism. See 18 U.S.C. § 3553(a) (1994) (outlining factors for court to consider in imposing sentence).

We therefore affirm Sarno's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3